[Crim. No. 7729.   Second Dist., Div. Three.   Aug. 1, 1961.]

THE PEOPLE, Respondent, v. ALVIN TALLIAFERRO, Appellant.

Alvin Talliaferro, in pro. per., for Appellant.

No appearance for Respondent.

THE COURT.—Charged with the armed robbery of Sarah B. Johnson of $120, Alvin Talliaferro was convicted in a jury trial and sentenced to state prison. He appealed from the judgment in propria persona. In the trial court he refused the aid of counsel and insisted upon representing himself. He requested appointment of counsel on the appeal, which was denied after we had examined the record and determined that the appeal is wholly without merit. Defendant was notified, given time to file a brief and has filed a written argument questioning the sufficiency of the evidence to prove his guilt.

There was evidence of the following facts. Mrs. Johnson testified that one evening about dark, she came home from a cocktail bar which she and her husband owned, was about to open the front door when defendant appeared, held a short-barreled gun on her, took her purse, extracted from it $120, threw down the purse and ran. Mrs. Johnson had a 2-year-old son on her arm at the time. She had seen defendant

in her place of business on several occasions and was certain of her identification. Defendant testified that he was at the Johnson residence ''on or about the date in question''; he had gone to their apartment and that Mrs. Johnson had given him $100 with which to purchase a leather coat and whiskey for her. His description of the Johnson apartment bore little resemblance to Mrs. Johnson's description. Mrs. Johnson denied that defendant had ever been in the apartment or that she had ever talked with him. Defendant testified: ''I never held her up. I had no reason to and I wouldn't have needed a gun to hold her up. She had a baby in her arms and a pocketbook. I could easily have grabbed the pocketbook from her or snatched it.''

As between the testimony of Mrs. Johnson that she was robbed and defendant's testimony that she gave him $100 with which to make purchases for her, the jury had no reasonable alternative to a finding of guilt.

The judgment is affirmed.